UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

YOLANDA PATRICE MOTON,

    Petitioner,

v.

                      CIVIL NO. 2:15cv458
                  [ORIGINAL CRIMINAL NO. 2:13cr173-1]

UNITED STATES OF AMERICA,

    Respondent.

### MEMORANDUM FINAL ORDER

This matter comes before the court on Yolanda Patrice Moton's ("Petitioner") pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Motion"), filed on November 16, 2015. ECF No. 235. The Petitioner originally filed her Motion on October 19, 2015, subject to defect for failure to include an original signature. ECF No. 226. On October 21, 2015, the court issued an Order striking the Motion and instructing the Petitioner to correct the defect within thirty (30) days. ECF No. 227. The Petitioner complied with this instruction and submitted a Motion with original signature on November 16, 2015.[1]

---

[1] Because the Motion is a pro se submission, the court construes it liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

## I. PROCEDURAL HISTORY

On March 7, 2014, the Petitioner pled guilty to Conspiracy to Distribute and Possess with Intent to Distribute Cocaine and Cocaine Base, in violation of 21 U.S.C. §§ 846, and 841(a)(1) and (b)(1)(B). Plea Agreement ¶ 1, ECF No. 88. On July 23, 2014, the Petitioner was sentenced to three hundred twenty-four (324) months imprisonment. Judgment at 2, ECF No. 169. On August 6, 2014, the Petitioner filed a Notice of Appeal to the Fourth Circuit. ECF No. 171. On August 7, 2014, the Fourth Circuit appointed Gregory B. Turpin to represent the Petitioner. ECF No. 174. On July 9, 2015, the Fourth Circuit granted the government's Motion to Dismiss the appeal. ECF No. 200.[2] The Fourth Circuit issued its Mandate on July 31, 2015. ECF No. 206.

On August 6, 2015, this court granted the Petitioner's Motion for a Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2), and reduced her sentence to two hundred sixty-two (262) months imprisonment. ECF. 207. The Petitioner now brings

---

[2] On appeal, the Petitioner argued that "the district court erred in concluding that by withholding information from the probation officer who prepared the Presentence Investigation Report (PSR), she forfeited her entitlement to an acceptance of responsibility guidelines adjustment." Order at 1. The Fourth Circuit noted that the Petitioner had waived her right to appeal, and stated that her decision to testify was voluntary and not required by the plea agreement; thus, the government was entitled to rely on the information to which she testified when objecting to her request for a sentence reduction. Id. at 2-3. Because the government did not breach the agreement, the appeal waiver contained in the plea agreement was still valid, and the court granted the government's Motion to Dismiss. Id. at 3.

2

her Motion under § 2255. In her Motion, the Petitioner presents four claims for relief: (1) she did not receive a mental evaluation during her court proceedings; (2) her sentence is too long because her criminal history points were miscalculated; (3) counsel provided ineffective assistance for failing to file a writ of certiorari when requested; and (4) counsel provided ineffective assistance by not informing her that she may lose the acceptance of responsibility reduction if she chose to testify.

## II. LEGAL STANDARD FOR § 2255 PETITION

A prisoner may challenge a sentence imposed by a federal court if: (1) the sentence violates the Constitution or laws of the United States; (2) the sentencing court lacked jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum; or (4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A sentence is "otherwise subject to collateral attack" if a petitioner shows that the proceedings suffered from "'a fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Addonizio, 442 U.S. 178, 185 (1979) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).

The petitioner bears the burden of proving one of those grounds by a preponderance of the evidence. See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958). If she satisfies that

burden, the court may vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(b). However, if the motion, when viewed against the record, shows that the petitioner is entitled to no relief, the court may summarily deny the motion. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

In cases where a petitioner claims to have received ineffective assistance of counsel as grounds for relief, a petitioner must show by a preponderance of the evidence that (1) the attorney's performance was seriously deficient; and (2) such deficient performance prejudiced the petitioner by undermining the reliability of the judgment against him. See Strickland v. Washington, 466 U.S. 668, 687 (1984).

To show deficient performance, counsel's actions or omissions must be measured against what "an objectively reasonable attorney would have done under the circumstances existing at the time of the representation." Savino v. Murray, 82 F.3d 593, 599 (4th Cir. 1996); see Lawrence v. Branker, 517 F.3d 700, 708-09 (4th Cir. 2008) (noting that this is a "difficult" showing for a petitioner to make). The court must attempt to "eliminate the distorting effects of hindsight," and instead "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

To demonstrate prejudice, a petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In doing so, she "must demonstrate that the error worked to her 'actual and substantial disadvantage,' not merely that the error created a 'possibility of prejudice.'" Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)). Because a petitioner must satisfy both parts of the test, a failure to carry the burden of proof as to one prong precludes relief and relieves the court of the duty to consider the other. Strickland, 466 U.S. at 700.

### III. COUNTS ONE AND TWO: FAILURE TO ORDER A MENTAL EVALUATION AND MISCALCULATION OF CRIMINAL HISTORY POINTS

In Count One, the Petitioner alleges that her Fifth Amendment rights were violated because she should have been given a mental evaluation to determine her "state of mind during the court proceedings." Mot. at 4. In Count Two, she claims that her sentence violates the Eighth Amendment because her criminal history points were miscalculated. Id. at 5. Both of these claims are raised for the first time on collateral review.

As a general rule, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." Massaro v. United States, 538 U.S. 500, 504 (2003). In order to obtain collateral relief based on issues

5

that could have been raised on direct appeal but were not, the movant must ordinarily show "'cause' excusing his . . . procedural default," and "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 167-68 (1982).

Even in the absence of a showing of cause for the procedural default and resulting prejudice, a defendant may proceed with a collateral attack if she is able to show that a fundamental miscarriage of justice would result were her claim denied. United States v. Maybeck, 23 F.3d 888, 892 (4th Cir. 1994). To demonstrate a "miscarriage of justice," the petitioner "must show actual innocence by clear and convincing evidence." United States v. Williams, 396 F. App'x 951, 953 (4th Cir. 2010) (unpublished) (citing Murray v. Carrier, 477 U.S. 478, 496 (1986); United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999)).

The Petitioner did not raise an objection to the mental evaluation or criminal history calculation on direct appeal.[3] Therefore, unless an exception applies, the Petitioner may not obtain collateral review of these claims. As the Petitioner fails to assert a cause that prevented her from filing these

---

[3] The Petitioner does not claim ineffective assistance of counsel on these two grounds. She asserts ineffective assistance only on Counts Three and Four, which relate to her request for counsel to file a writ of certiorari and the denial of acceptance of responsibility points based upon her testimony at sentencing.

6

claims on direct appeal and resulting prejudice, or a claim of actual innocence, Counts One and Two are procedurally defaulted. Accordingly, the court **DENIES** the Motion as to Counts One and Two.

### IV. COUNT THREE: INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILURE TO FILE A WRIT OF CERTIORARI WHEN REQUESTED

In this count, the Petitioner claims that defense counsel was ineffective for "fail[ing] to file a writ of certiorari when the defendant requested that one be filed on her behalf." Mot. at 6. However, in a Motion to Withdraw filed with the Fourth Circuit on September 10, 2015, counsel asserts that the Petitioner never made such a request. Mot. to Withdraw ¶ 3, United States v. Yolanda Moton, No. 14-4614 (4th Cir. Sept. 10, 2015), ECF No. 44.

In order to clarify the issue and for the Petitioner's claim to proceed, on November 25, 2015, the court ordered the Petitioner to file "a sworn statement, under penalty of perjury, that she specifically and unequivocally asked her appellate counsel to file a writ of certiorari, and to describe the facts and circumstances of such request, including the date upon which the request was made and whether the request was made in writing." Order at 2, ECF No. 236. The Petitioner was instructed to submit the sworn statement within thirty (30) days of the entry of the Order. Id. at 3. The Petitioner has failed to file

7

such a statement. Accordingly, the court **DENIES** the Motion as to Count Three.

### V. COUNT FOUR: INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILURE TO INFORM THE PETITIONER THAT SHE WOULD LOSE THE ACCEPTANCE OF RESPONSIBILITY REDUCTION IF SHE TESTIFIED

In Count Four, the Petitioner alleges ineffective assistance of counsel because "[d]efense counsel failed to inform defendant that if she testified on her own behalf, disputing any of the elements of her crime as charged, that the government would then breach their own plea agreement and deny her acceptance of responsibility." Mot. at 8.

The plea agreement states that the government "agrees to file, pursuant to U.S.S.G. § 3E1.1(b), a motion prior to, or at the time of, sentencing for an additional one-level decrease in the defendant's offense level" if the Petitioner qualifies for the "two-level decrease in offense level pursuant to U.S.S.G. § 3E1.1(a)." Plea Agreement ¶ 4. The plea agreement also states that the Petitioner "agrees to cooperate fully and truthfully with the United States, and provide all information known to the defendant regarding any criminal activity as requested by the government." Id. ¶ 9. In no place did the plea agreement require the Petitioner to testify at her sentencing.

The government originally moved for the additional one-point reduction in its first position paper filed on May 29, 2014. ECF No. 127. However, on June 27, 2014, the

8

government expressed its belief that the Petitioner should not receive any reduction for acceptance of responsibility, including the two-point reduction under U.S.S.G. § 3E1.1(a). Supp. Gov't Pos. Paper at 3-5, ECF No. 144. Sentencing was not held until July 2, 2014.[4]

Using the Strickland standard to evaluate counsel's conduct, the court determines that counsel for the Petitioner was not ineffective. The Petitioner does not claim that her counsel failed to explain the plea agreement or its terms, only that he failed to tell her that if she testified, she would lose acceptance of responsibility. As discussed above, that was not a term of the plea agreement; she was not even required to testify. The decision to testify, by itself, does not equal loss of acceptance of responsibility. The Petitioner lost the acceptance points because her testimony at sentencing showed that her earlier statements were not full and truthful cooperation, as required by the plea agreement. Her own choices, and not any actions or advice of counsel, caused her to lose the reduction for acceptance of responsibility. Additionally, the government already objected to the Petitioner receiving an acceptance of responsibility reduction before she testified at her sentencing hearing, and the court, not the government, makes the final determination as to whether to apply the reduction. As

---

[4] Sentencing was then continued to July 23, 2014.

9

such, the Petitioner fails to show that her counsel's performance was deficient or that she suffered prejudice as a result. Accordingly, the court **DENIES** the Motion as to Count Four.

## VI. CONCLUSION

For the reasons stated herein, the Motion is **DENIED**. The Petitioner is **ADVISED** that she may appeal from this Memorandum Final Order by forwarding, within sixty (60) days of the entry date of this Memorandum Final Order, a written notice of appeal to the Clerk of the United States District Court, 600 Granby Street, Norfolk, Virginia, 23510. The court declines to issue a certificate of appealability for the reasons stated herein.

The Clerk is **DIRECTED** to forward a copy of this Memorandum Final Order to the Petitioner and the United States Attorney at Norfolk.

**IT IS SO ORDERED.**

                                          /s/
                            Rebecca Beach Smith
                                 Chief Judge

REBECCA BEACH SMITH
CHIEF JUDGE

January 22, 2016