UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

YOLANDA PATRICE MOTON,

                    Petitioner,

                                                    CIVIL NO. 2:15cv458
          v.                        [ORIGINAL CRIMINAL NO. 2:13cr173-1]

UNITED STATES OF AMERICA,

                    Respondent.

MEMORANDUM FINAL ORDER

This matter comes before the court on Claim Three of the Petitioner's pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Motion"), filed on November 16, 2015. ECF No. 235.[1] Claim Three alleges that counsel was ineffective for failing to file a petition for writ of certiorari as requested by the Petitioner. Mot. at 6. In order to fully address this issue, on November 25, 2015, the court ordered the Petitioner to file "a sworn statement, under penalty of perjury, that she specifically and unequivocally asked her appellate counsel to file a writ of certiorari, and to describe the facts and circumstances of such request, including the date upon which the request was made and whether the request was made in writing." Order at 2, ECF No. 236. The Petitioner was

---

[1] Because the Motion is a pro se submission, the court construes it liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

instructed to submit the sworn statement within thirty (30) days of the entry of the Order. Id. at 3. She failed to do so, and the court issued a Memorandum Final Order on January 22, 2016, denying the Petitioner's Motion in its entirety. ECF No. 251.

On January 27, 2016, the court received the Petitioner's Response, as requested in its November 25, 2015, Order. ECF No. 254. In this sworn statement, the Petitioner claimed that she "requested that my attorney file a Writ of Certiorari to the United States Supreme Court on my behalf." Id. at 1. She also attached copies of multiple letters between herself and counsel that discussed counsel's representation. Id. at 4-11. Although the filing was subject to defect as it was untimely, contained no certificate of service to the United States Attorney, and the dates on the certificate of service and sworn statement did not match, the court lifted the defect. February 2, 2016, Order, at 2, ECF No. 255. The court then considered the Response to be a timely Motion to Reconsider, granted the Motion to Reconsider to the extent it pertained to Claim Three, and ordered the government to respond to Claim Three. Id. at 2-3. The government responded on April 25, 2016. ECF No. 270. It attached an affidavit from defense counsel and copies of letters sent between counsel and the Petitioner, and it advised the court that it had no objection to granting the Petitioner's request for relief as to Claim Three only. Id. at 1.

## I. LEGAL STANDARD

A prisoner may challenge a sentence imposed by a federal court if: (1) the sentence violates the Constitution or laws of the United States; (2) the sentencing court lacked jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum; or (4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A sentence is "otherwise subject to collateral attack" if a petitioner shows that the proceedings suffered from "'a fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Addonizio, 442 U.S. 178, 185 (1979) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). The petitioner bears the burden of proving one of those grounds by a preponderance of the evidence. See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

In cases where a petitioner claims to have received ineffective assistance of counsel as grounds for relief, a petitioner must show by a preponderance of the evidence that (1) the attorney's performance was seriously deficient, and (2) such deficient performance prejudiced the petitioner by undermining the reliability of the judgment against him. See Strickland v. Washington, 466 U.S. 668, 687 (1984).

To show deficient performance, counsel's actions or omissions must be "measured against what an objectively reasonable attorney would have done under the circumstances

3

existing at the time of the representation." Savino v. Murray,
82 F.3d 593, 599 (4th Cir. 1996); see Lawrence v. Branker, 517
F.3d 700, 708-09 (4th Cir. 2008) (noting that this is a
"difficult" showing for a petitioner to make). The court must
attempt to "eliminate the distorting effects of hindsight," and
instead "must indulge a strong presumption that counsel's
conduct falls within the wide range of reasonable professional
assistance." Strickland, 466 U.S. at 689.

To demonstrate prejudice, a petitioner must show "a
reasonable probability that, but for counsel's unprofessional
errors, the result of the proceeding would have been different."
Id. at 694. In doing so, she "must demonstrate that the error
worked to [her] 'actual and substantial disadvantage,' not
merely that the error created a 'possibility of prejudice.'"
Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting
Murray v. Carrier, 477 U.S. 478, 494 (1986)).

As to the Petitioner's claim that counsel failed to file a
writ of certiorari, if a defendant wishes to make such a filing,
court-appointed counsel must represent him in the matter.
Wilkins v. United States, 441 U.S. 468, 469 (1979) (per curiam)
("[T]he Courts of Appeals for all of the Circuits provide in
their rules or in plans adopted pursuant to the Criminal Justice
Act that a court-appointed lawyer must, if his client wishes to
seek review in [the Supreme] Court, represent him in filing a

petition for certiorari."); <u>Proffitt v. United States</u>, 549 F.2d 910, 912 (4th Cir. 1976).

The Fourth Circuit's plan implementing the Criminal Justice Act states in relevant part:

> Every attorney, including retained counsel, who represents a defendant in this court shall continue to represent his client after termination of the appeal unless relieved of further responsibility by this court or the Supreme Court. Where counsel has not been relieved: If the judgment of this court is adverse to the defendant, counsel shall inform the defendant, in writing, of his right to petition the Supreme Court for a writ of certiorari. . . .
>
> If the appellant requests that a petition for writ of certiorari be filed but counsel believes that such a petition would be frivolous, counsel may file a motion to withdraw with this court wherein counsel requests to be relieved of the responsibility of filing a petition for writ of certiorari. The motion must reflect that a copy was served on the client. . . .

Plan of the United States Court of Appeals for the Fourth Circuit in Implementation of the Criminal Justice Act ("Fourth Circuit CJA Plan"), pt. V, § 2.

## II. CLAIM THREE – COUNSEL WAS INEFFECTIVE FOR FAILING TO FILE A PETITION FOR WRIT OF CERTIORARI AS REQUESTED BY THE PETITIONER

In this Claim, the Petitioner asserts that she wrote to her counsel, Gregory Turpin, and requested that he file a writ of certiorari on her behalf, but he failed to do so. Pet'r's Resp. at 1. As part of its Response, the government submitted an affidavit by Mr. Turpin. Gov't's Resp. Attach. A. Attached to the affidavit are copies of multiple letters between counsel and

the Petitioner, along with the Certiorari Status Form and counsel's Motion to Withdraw filed in the Fourth Circuit. Id. After reviewing the arguments and exhibits, it appears that the letters crossed in the mail and there was miscommunication between the Petitioner and her counsel. However, the bottom line is that the Petitioner did request that Mr. Turpin file a petition for writ of certiorari, and no petition was filed.

Based on Fourth Circuit precedent, the failure of an attorney to inform his client of the right to file a petition for writ of certiorari and to file a petition if requested by his client constitutes ineffective assistance of counsel under both prongs of Strickland. See United States v. King, 11 F. App'x 219, 221 (4th Cir. 2001) ("We conclude that if counsel did not advise King of the disposition of his criminal appeal in this court and of the opportunity to seek a writ of certiorari from the Supreme Court, counsel would be ineffective under both prongs of Strickland v. Washington."); United States v. Brown, No. 3:03-CR-153, 2007 WL 4570544, at *2 (E.D. Va. Feb. 6, 2007) ("Thus, the Fourth Circuit has concluded that the failure of appointed counsel to timely petition for a writ of certiorari when directed to do so by his client demonstrates both deficiency and prejudice." (citing Proffitt v. United States, 549 F.2d 910, 913 (4th Cir.1976))).

6

Accordingly, based on the undisputed facts and the lack of objection from the government, the court finds that counsel's performance was ineffective and that counsel failed to fulfill his duties under the Fourth Circuit's CJA Plan. The appropriate remedy for counsel's failure to inform the Petitioner of her rights and to file a petition for writ of certiorari as requested is the reentry of the Fourth Circuit judgment affirming the original conviction and sentence, after which time the Petitioner may file a petition for writ of certiorari with the Supreme Court. See Wilkins, 441 U.S. at 469-70. As this court does not have jurisdiction to order such a remedy, the Petitioner must move the Fourth Circuit to vacate and reenter its judgment affirming the original sentence, recall the mandate, and appoint counsel, if desired. See King, 11 F. App'x at 221 (describing the procedure for when a district court determines that counsel failed to file a writ of certiorari as requested).

### III. CONCLUSION

Accordingly, Claim Three of the Petitioner's Motion is **GRANTED** to the extent that the court acknowledges the Petitioner was denied effective assistance of counsel in pursuing a petition for writ of certiorari. The Petitioner is thus **ADVISED** that she may move the Fourth Circuit to vacate and reenter the

judgment affirming her original sentence, recall the mandate, and appoint counsel to aid in filing a writ of certiorari.

The court's January 22, 2016, Memorandum Final Order, as it pertains to Claims One, Two, and Four, remains in effect. After the court denied the Petitioner's Motion on January 22, 2016, ECF No. 251, the Petitioner filed a Notice of Appeal with the Fourth Circuit on February 11, 2016. ECF No. 256. That appeal is currently stayed pending disposition of the court's reconsideration of Claim Three. ECF No. 261. The court declines to issue a certificate of appealability for Claims One, Two, and Four for the reasons stated in the January 22, 2016, Memorandum Final Order.

The Clerk is **DIRECTED** to forward a copy of this Memorandum Final Order to the Petitioner, the United States Attorney at Norfolk, and the Clerk for the United States Court of Appeals for the Fourth Circuit.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Chief Judge

REBECCA BEACH SMITH
CHIEF JUDGE

April 28 , 2016